Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| | | |
|---|---|---|
| CUBE BUSINESS SOLUTIONS, LLC<br><br>Recurrida<br><br>V.<br><br>IVETTE M. ORTIZ TORRES Y OTROS<br><br>Peticionario | KLCE202400824 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. CG2022CV03177<br><br>Sobre: DAÑOS Y OTROS |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 4 de septiembre de 2024.

Comparece ante nos, Ivette M. Ortiz Torres, en adelante peticionaria o señora Ortiz Torres, y solicita que revoquemos el dictamen[1] emitido por el Tribunal de Primera Instancia, Sala Superior de Caguas, en adelante TPI. Mediante dicho dictamen se declaró "No Ha Lugar" la *Solicitud de Reconsideración y de Revelo de Representación Legal*[2] solicitando el levantamiento de una anotación de rebeldía.

Por los fundamentos que expondremos a continuación se expide y se revoca el dictamen recurrido.

Los hechos que dan génesis a la controversia que hoy atendemos se detallan a continuación.

**-I-**

El 15 de septiembre de 2022, CUBE Business Solutions, LLC, en adelante CUBE, compañía o recurrida, presentó *Demanda*[3] donde alegó que la señora Ortiz Torres, codueña de la corporación, en incumplimiento con su deber de fiducia, había abandonado sus deberes para con CUBE provocando que sus clientes tuvieran que pagar penalidades y, consecuentemente, laceró

---

[1] Recurso de Certiorari, Apéndice 70, pág. 223.
[2] *Id.,* Apéndice 69, págs. 220-222.
[3] *Id.*, Apéndice 1, págs. 1-5.

Número Identificador

SEN2024_____

su reputación y provocó que esta sufriera pérdidas económicas que ascienden a $59,100.00 anuales. Ante este panorama, solicitó los siguientes remedios: que se le cancelara su participación o interés en la compañía; que se le compensara con los $59,100.00 por la pérdida de clientes; que se devolviera cada uno de los pagos en penalidades a clientes; que se le compensara $100,000.00 por dañar su nombre; que se le impusieran daños punitivos por sus actuaciones dañinas; que se le devolvieran los honorarios pagados en exceso; y que se les añadieran los intereses legales a todas las cantidades expuestas.

Posteriormente, el 3 de noviembre de 2022, la peticionaria presentó *Moción Asumiendo Representación Legal y Solicitud de Prórroga para Contestar Demanda*[4]*,* donde solicitó una prórroga no menor de 30 días por haber contratado los servicios legales recientemente y no haber finalizado la investigación correspondiente. Dicha prórroga fue concedida por el TPI mediante orden emitida el 9 de noviembre de 2022.[5]

Así las cosas, el 20 de diciembre de 2022, CUBE presentó *Moción Ordene Anotación de Rebeldía*[6]*,* donde arguyó que el término para contestar la demanda había vencido el 9 de diciembre de 2022 y que la señora Ortiz Torres había tenido más de 60 días para contestar. En vista de ello solicitó la anotación de rebeldía.

El 23 de diciembre de 2022, la peticionaria presentó su *Contestación a la Demanda y Reconvención*[7]*,* donde negó la mayoría de las alegaciones y reconvino en otras. Alegó que el otro codueño de CUBE, el señor Fernando Rivera Vicente, y ella habían establecido una relación de convivencia por 10 años, y que, durante estos años, además de haber procreado un hijo, habían desarrollado una comunidad de bienes al adquirir bienes muebles e inmuebles y fundar CUBE, compañía que goza en el presente de beneficios económicos logrados por el trabajo de ambos. Alegó haber terminado

---

[4] *Id.*, Apéndice 2, págs. 6-7.
[5] *Id.*, Apéndice 3, pág. 8.
[6] *Id.*, Apéndice 4, pág. 9.
[7] *Id.*, Apéndice 5, págs. 10-16.

unilateralmente la relación de convivencia y que el señor Rivera había utilizado estos asuntos personales para excluirla arbitrariamente de sus funciones para con CUBE, cancelando su acceso a todos los activos de la compañía y a las herramientas y plataformas utilizadas para realizar sus labores. Además, arguyó que se le había desistido abruptamente de su pago mensual de $1,500.00 en concepto de salario y que se estaban llevando a cabo cambios administrativos de CUBE sin su autorización. Añadió que entendía que las actuaciones del señor Rivera eran en venganza y represalia por esta haber acabado con la relación consensual. Así las cosas, solicitó que se ordenara la liquidación de la comunidad de bienes; que se ordenara el pago de su participación o derecho en la compañía; que se le compensara por los daños y perjuicios causados al ser despedida injustificadamente; que se le impusieran daños punitivos al demandante por sus actuaciones dañinas a la compañía, además de una mesada por el despido injustificado; que se le ordenara una cantidad razonable para los honorarios de abogados y las costas y gastos del procedimiento; y que se le añadieran los intereses legales a las cantidades expuestas.

Ese mismo día, la señora Ortiz Torres presentó *Oposición a Solicitud de Rebeldía*[8]*,* donde recalcó que nuestro ordenamiento favorece que los casos sean ventilados en sus méritos. Así las cosas, alegó tener defensas válidas en contra de las alegaciones de la demanda y que dicha anotación le perjudicaría su derecho al debido proceso de ley.

El mismo día, CUBE presentó *Oposición a Presentación de Contestación a Demanda y Reconvención por Hacerse Tardía y en Rebeldía sin Presentar Justa Causa para Ello*[9]*,* donde mencionó que la Regla 6.6 de Procedimiento Civil[10] establece que el término por el cual se solicita la prórroga comienza a transcurrir tan pronto culmine el término por el cual se solicitó, por lo que la orden del tribunal, donde se concede la misma, se retrotrae a esta fecha. Así

---

[8] *Id.*, Apéndice 6, págs. 17-19.
[9] *Id.*, Apéndice 7, págs. 20-24.
[10] Regla 6.6 de las Reglas de Procedimiento Civil de 2009 (32 LPRA Ap. V).

las cosas, entendía que la contestación a la demanda se había presentado fuera de término y sin la presentación de justa causa para ello. Además, arguyó que el derecho a defenderse es renunciable en los casos civiles y se entiende desistido cuando una parte no comparece a los procesos en su contra.

Conforme a todo lo anterior, el 31 de enero de 2023, el TPI emitió orden anotando la rebeldía.[11]

Posteriormente, el 8 de febrero de 2023, la peticionaria presentó *Moción Urgente en Solicitud de Reconsideración de Anotación de Rebeldía*[12]*,* donde su representación legal alegó que, a mediados del mes de diciembre, su madre había sido diagnosticada con "COP" y su hija de 8 años había presentado síntomas como dolor de cabeza, fiebre, escalofríos, congestión, entre otros, y posteriormente, el 19 de diciembre, fue diagnosticada con Influenza Tipo B. Mencionó haber sufrido personalmente los mismos síntomas antes del diagnóstico de su hija. Así las cosas, alegó verse obligado a cerrar su oficina legal del 9 al 22 de diciembre y ser el responsable del cuido de su hija y madre durante todo ese tiempo. Por otro lado, argumentó que, ante la posibilidad del ejercicio de defensas válidas, los tribunales deben ser cautelosos al hacer determinaciones que provoquen consecuencias fatales como lo es anotar la rebeldía. Además, entendía que CUBE no había presentado prueba de haber sufrido un perjuicio por la presentación tardía y que levantar la anotación tampoco lo causaría.

El 13 de febrero de 2023, CUBE presentó *Oposición a Moción Urgente en Solicitud de Reconsideración de Anotación de Rebeldía*[13]*,* donde argumentó que para la fecha que el abogado de la peticionaria cerró su oficina, ya el término para contestar la demanda había culminado tres días antes y que, de buena fe, CUBE no presentó la moción para la anotación de rebeldía inmediatamente luego. Además, la recurrida entiende que la presentación de

---

[11] *Id.*, Apéndice 8, pág. 25.
[12] *Id.*, Apéndice 9, págs. 26-29.
[13] *Id.*, Apéndice 10, págs. 30-32.

justa causa es tardía, ya que eran argumentos que conocía, o debió conocer, y presentar antes de la anotación de rebeldía.

Así las cosas, el 11 de agosto de 2023, el TPI emitió *Resolución en Reconsideración*[14]*,* mediante la cual dejó sin efecto la anotación de rebeldía y ordenó la continuación del caso, por entender que se habían presentado razones concretas y válidas para explicar la dilación y, además, entender que se tenían defensas meritorias.

En consecuencia, el 21 de agosto de 2023, CUBE presentó *Contestación a Reconvención*[15]*,* donde negó la mayoría de las alegaciones y reconvino en otras. Argumentó que la parte demandante era una entidad jurídica cuya naturaleza imposibilitaba mucho de lo alegado por la peticionaria; que para que esta obtuviera un 50% de la participación de CUBE tenía que haber cumplido con sus deberes para con la compañía y no lo hizo; que esta había abandonado su responsabilidad fiduciaria para con CUBE y que CUBE lo que había hecho era proteger sus activos y la confidencialidad de sus clientes; que los $1,500.00 en concepto de salario se los había impuesto la misma peticionaria sin la aprobación de los miembros y administradores de CUBE; que la señora Ortiz Torres había abandonado la compañía sin comunicarlo y consecuentemente, descuidó sus deberes y responsabilidades; que a esta ser miembro en un 50% de la compañía no podía ser despedida y por lo tanto, no le aplicaban las disposiciones de la Ley 80-1976[16] sobre despido injustificado; que en la alternativa, no había sido despedida injustificadamente, ya que había incumplido con sus deberes fiduciarios; y que sus reclamaciones son exageradas y contrarias a derecho.

Debido a lo antes alegado, el 30 de agosto de 2023, la señora Ortiz Torres presentó *Demanda Contra Tercero*[17]*,* donde trajo como tercero demandado al señor Fernando Rivera Vicente, en adelante señor Rivera Vicente o tercero demandado y en conjunto con CUBE, los recurridos.

---

[14] *Id.*, Apéndice 11, págs. 34-36.
[15] *Id.*, Apéndice 12, págs. 37-40.
[16] Ley Sobre Despidos Injustificados, Ley Núm. 80-1976.
[17] *Id.,* Apéndice 13, págs. 41-49.

Además de las alegaciones hechas en su Reconvención contra Rivera Vicente, añadió que los daños reclamados en la demanda original fueron causados por las actuaciones arbitrarias y de mala fe de este; que fue este quien la despidió injustificadamente y le removió su acceso a los activos de la compañía y a las plataformas que esta utilizaba para cumplir con sus funciones, impidiendo así la sana administración de CUBE y provocando su crisis financiera; que este desistió de su pago mensual en concepto de salario y le canceló sus beneficios de plan médico; que CUBE es dueña de un inmueble localizado en el Municipio de Caguas, el cual está en posesión, uso y disfrute exclusivo del señor Rivera Vicente y el cual este utiliza para ofrecer sus servicios legales, enriqueciéndose injustamente; que CUBE es dueña de un Mercedez Benz atado al crédito de la peticionaria, pero cuyo uso exclusivo lo tiene el tercero demandado, quien no ha realizado ninguna gestión para realizar el cambio de titularidad; que luego de más de un año de esta haber sido removida de sus funciones, el tercero demandado continúa beneficiándose del crédito de la peticionaria y de los activos de la compañía sin esta tener acceso, posesión, uso o disfrute ni recibir beneficio alguno de parte de este o de CUBE; que durante los primeros años de CUBE esta era quien realizaba los mayores esfuerzos de trabajo y administración, ya que el tercero demandado trabajaba para la compañía CLARO y al mismo tiempo estudiaba un Juris Doctor; que quien incumplió con su deber de fiducia fue el tercero demandado, ya que este obró contra los mejores intereses de CUBE; y que la demanda original es una continuación de un maltrato emocional y económico de parte del tercero demandado contra la peticionaria para continuar manipulándola y controlándola, entre otras cosas.

Por otra parte, solicitó que se ordenara la liquidación de la comunidad de bienes; que se le ordenara al tercero demandado pagar un canon de renta no menor de $600.00 mensuales, retroactivo al mes de agosto de 2022 hasta la fecha de liquidación de bienes entre las partes, por su uso exclusivo de la propiedad localizada en Caguas; que se le ordenara a realizar el cambio de titularidad del vehículo Mercedez Benz y del bien inmueble; que se le ordenara

a liberar a la peticionaria de toda responsabilidad crediticia relacionada a CUBE; que se le compense a esta por los daños y perjuicios sufridos por la cantidad de $100,000.00; y que se le impusieran daños punitivos al tercero demandado por sus actuaciones dañinas hacia CUBE y la peticionaria, entre otras cosas.

Posteriormente, el 5 de septiembre de 2023, CUBE presentó *Moción de Desestimación de Demanda Contra Tercero*[18]*,* donde argumentó que dicha demanda fue presentada fuera de término conforme a la Regla 12.1 de Procedimiento Civil[19] y sin mostrar justa causa para ello. Por otro lado, arguyó que la demanda no cumple con la doctrina de entronque común porque los hechos expresados en esta no son estrechos con las alegaciones de la demanda original ni los remedios solicitados. La misma fue declarada "Sin Lugar" mediante orden emitida el 20 de septiembre de 2023.

El 2 de diciembre de 2023, la señora Ortiz Torres presentó *Moción en Solicitud de Anotación de Rebeldía*[20]*,* donde alegó que habían transcurrido más de 60 días desde el emplazamiento y aun el tercero demandado no había presentado alegación responsiva, por lo que solicitó que se anotara la rebeldía en su contra.

Ante ello, el 4 de diciembre de 2023, el señor Rivera Vicente presentó, sin someterse a la jurisdicción, *Oposición a Solicitud de Anotación de Rebeldía, Solicitud de Desestimación [por] Falta de Jurisdicción*[21]*,* donde alegó que el emplazamiento no se había diligenciado según lo dispuesto en la Regla 4.4 de Procedimiento Civil[22], ya que el mismo no fue entregado personalmente ni dejado en su inmediata presencia, sino que le fue dejado debajo de la puerta de su residencia y este no se encontraba allí, por lo que el tribunal no había adquirido jurisdicción sobre su persona y consecuentemente, no tenía la obligación de contestar aún la alegación presentada. Además, arguyó que la solicitud es una a destiempo, equivocada y prematura, debido a que el

---

[18] *Id.*, Apéndice 14, págs. 50-56.
[19] Regla 12.1 de las Reglas de Procedimiento Civil de 2009 (32 LPRA Ap. V).
[20] *Id.*, Apéndice 21, págs. 70-71.
[21] *Id.*, Apéndice 22, págs. 72-75.
[22] Regla 4.4 de las Reglas de Procedimiento Civil de 2009 (32 LPRA Ap. V).

tribunal aún no se había expresado en cuanto a la representación legal de este por el abogado suscribiente. Por todo lo cual, entendía que no procedía la anotación de rebeldía.

Ese mismo día, la peticionaria presentó *Réplica a Solicitud de Desestimación de la Demanda por Falta de Jurisdicción*[23], donde recalcó que el emplazador había declarado bajo juramento que tanto el emplazamiento como la demanda se había hecho accesible en la inmediata presencia del tercero demandado, por lo que carecían de mérito sus alegaciones y no descansaban en prueba alguna.

Sobre este particular, el TPI emitió *Orden*[24], donde declaró "No Ha Lugar" la anotación de rebeldía y la solicitud de falta de jurisdicción sobre la persona, por entender que se había sometido voluntariamente, toda vez que no planteó nada sobre ello en el momento de su abogado asumir representación legal. Así las cosas, le concedió 20 días al tercero demandado para someter su alegación responsiva.

Inconforme, el señor Rivera Vicente presentó *Reconsideración*[25], donde argumentó que entendía que la presentación de la moción asumiendo representación legal no era un acto sustancial para considerarse una sumisión voluntaria a la jurisdicción o una renuncia a su derecho de ser emplazado o a otras defensas esenciales, debido a que en dicha moción no se presentó defensa alguna, no se contestó ninguna alegación ni tampoco se cuestionaron los méritos de la acción.

Por su parte, la señora Ortiz Torres presentó *Oposición a Reconsideración*[26], mediante la cual reiteró que el emplazamiento se había diligenciado correctamente y alegó que el tercero demandado quería inducir a error al tribunal.

Habiéndose las partes expresado sobre el particular, el TPI declaró "No Ha Lugar" la reconsideración.[27]

---

[23] *Id.*, Apéndice 23, págs. 76-77.
[24] *Id.*, Apéndice 24, págs. 78-79.
[25] *Id.*, Apéndice 25, págs. 80-85.
[26] *Id.*, Apéndice 26, págs. 86-88.
[27] *Id.*, Apéndice 27, pág. 89.

Así las cosas, el tercero demandado presentó *Contestación a Demanda Contra Tercero*[28], donde negó la mayoría de las alegaciones y reconvino en otras. Alegó que la responsable por los daños causados a CUBE es la peticionaria, por esta haber sido una oficial de la empresa y faltar a su deber de lealtad para con la compañía; que este y la peticionaria nunca contrajeron matrimonio y tampoco adquirieron bienes o deudas en conjunto, por lo tanto nunca desarrollaron una comunidad de bienes; que este no desautorizó ni canceló el acceso de la peticionaria a los activos de CUBE, dado que es la compañía quien tiene la autoridad para determinar quién tiene o no acceso; que no es este quien proveía el beneficio de plan médico, era la compañía, por lo que cualquier tipo de remoción de beneficio es un asunto entre esta y CUBE; que las herramientas de trabajo pertenecen a CUBE y que la remoción a su acceso responden a medidas de protección de los intereses de la entidad jurídica, por lo cual es un acto legal y dentro de las facultades de esta.

Además, alegó que la peticionaria siempre actuó como dueña de CUBE, por lo cual es imposible haberla despedido; que este estaba impedido de realizar muchas de sus responsabilidades, dado que dependían en gran medida de la culminación de los trabajos de la peticionaria; que la peticionaria no cuenta con titularidad ni le cobija algún derecho que le permita el uso y disfrute de los bienes de CUBE; que el caso es entre CUBE y la peticionaria y no trata sobre liquidación de bienes entre las partes, adquiridos durante la relación de concubinato; que este no goza de ningún beneficio personal para el cual haya necesidad de pagar un canon de renta; que la cantidad reclamada por la peticionaria es excesiva, abusiva y sin sentido común alguno; que es este quien ha sufrido daños a causa de la falta de diligencia y el abandono de la señora Ortiz Torres a sus obligaciones fiduciarias, contrario a los intereses de CUBE; que los daños sufridos por este ascienden a $250,000.00 tomando en cuenta el efecto adverso sobre la cartera de clientes existentes y potenciales, pérdida de valor del negocio y la

---

[28] *Id.*, Apéndice 34, págs. 101-116.

laceración de imagen de la empresa, entre otros; que la demanda contra tercero no cumple con la doctrina de entronque común por tratarse de reclamaciones distintas a la demanda original; que no se ha descorrido el velo corporativo de CUBE, por lo que este no responde por actuaciones imputables a la compañía y sobre las cuales esta tiene facultad en ley para realizarlas, entre otras.

El 18 de diciembre de 2023, el TPI emitió *Orden*[29] donde anunció que se daba por comenzado el descubrimiento de prueba.

En atención a lo anterior, el 2 de enero de 2024, la señora Ortiz Torres, mediante *Moción al Expediente Judicial,*[30] notificó al TPI haberle cursado a CUBE el primer pliego de interrogatorio y producción de documentos.

Por su parte, el 7 de febrero de 2024, CUBE notificó al tribunal mediante moción *Al Expediente Judicial*[31] haberle cursado a la peticionaria interrogatorio y solicitud de producción de documentos.

El 28 de febrero de 2024, el tercero demandado mediante *Moción Informativa*[32] notificó al tribunal también haberle cursado ese día el primer pliego de interrogatorio y requerimiento de documentos a la peticionaria.

Posteriormente, el 5 de marzo de 2024, CUBE presentó *Moción Informativa y en Solicitud de Orden*[33]*,* donde le informó al tribunal sobre que, en cumplimiento con su orden sobre la presentación del informe de manejo de caso, esta y el tercero demandado habían incluido su parte para presentar dicho informe puntualmente al tribunal. Sin embargo, alegaron que la señora Ortiz Torres no había cumplido con su parte aun cuando estos habían tratado de comunicarse con esta dos veces sin recibir respuesta. Informaron que, debido a su incumplimiento, el informe no se pudo entregar dentro del término ordenado por el tribunal.

---

[29] *Id.,* Apéndice 31, pág. 97.
[30] *Id.*, Apéndice 30, pág. 96.
[31] *Id.*, Apéndice 40, pág. 172.
[32] *Id.*, Apéndice 50, pág. 173.
[33] *Id.*, Apéndice 51, págs. 174-177.

En consideración a lo anterior, el TPI le ordenó a la peticionaria cumplir con su parte del informe de manejo de caso.[34] Así las cosas, el 7 de marzo de 2024, se presentó el mismo completado por todas las partes.[35]

Luego, el 15 de marzo de 2024, se celebró la conferencia inicial. Durante dicha vista, CUBE notificó haberle cursado a la peticionaria el interrogatorio contestado, pero que esta no había cursado el suyo, aun cuando el término para ello había culminado. Le notificó al tribunal no tener problema alguno con que se le conceda término adicional, debido a que las partes llevaban buena comunicación y existía la posibilidad de una oferta transaccional. Por su parte, la peticionaria solicitó que se le concediera un término adicional para presentar su contestación a los interrogatorios. Así las cosas, el tribunal le concedió a la peticionaria hasta el 29 de marzo de 2024 para contestar y estableció el 12 de julio de 2024, como fecha límite para culminar con el descubrimiento de prueba.[36]

En atención a lo anterior, el 5 de junio de 2024, CUBE presentó *Moción en Solicitud de Orden*[37]*,* donde le informó al tribunal que la peticionaria no había aun contestado el interrogatorio, en incumplimiento con el término adicional concedido durante la conferencia inicial. Alegó haber emitido correo electrónico el 12 de abril, solicitando las contestaciones, y posteriormente, el 24 de mayo, haberle cursado otro correo electrónico cancelando las deposiciones pautadas para el 28 y 29 de mayo, debido a que no se le había suministrado la contestación. En dicha comunicación se le concedió hasta el 31 de mayo para cumplir. Notificó, haberse tratado de comunicar, vía telefónica, el 30 y 31 de mayo, con la representación legal de esta para recordarle sobre la contestación pendiente. Alegaron que dichas comunicaciones fueron infructuosas y que aún no habían recibido la contestación. Ante dicha realidad, le solicitó al tribunal que le anotara la rebeldía.

---

[34] *Id.*, Apéndice 52, pág. 178.
[35] *Id.*, Apéndice 53, págs. 179-184.
[36] *Id.*, Apéndice 57, págs. 188-189.
[37] *Id.,* Apéndice 60, págs. 204-207.

Al día siguiente, el TPI emitió una orden imponiéndole a la peticionaria una sanción de $200 por su incumplimiento y le concedió 5 días para presentar su contestación al interrogatorio.[38]

Así las cosas, el 24 de junio de 2024, ante otro incumplimiento, el TPI emitió otra orden imponiéndole a la señora Ortiz Torres una sanción adicional de $200 y le concedió un plazo de 5 días para satisfacer la totalidad de las sanciones que ascendían a $400. Además, mediante dicha orden, notificada a la parte, se le advirtió que de incumplir nuevamente se le anotaría la rebeldía.[39]

Posteriormente, el 3 de julio de 2023, CUBE presentó *Solicitud de Anotación de Rebeldía*[40]*,* mediante la cual le comunicó al tribunal que la peticionaria seguía incumpliendo y solicitó que procediera con la anotación de rebeldía en contra de esta.

Ese mismo día, la representación legal de la peticionaria presentó *Moción Urgente en Cumplimiento de Orden y Solicitud de Revelo de Representación Legal*[41]*,* donde alegó haber cursado la contestación a interrogatorio el 21 de marzo de 2024.

Por su parte, CUBE presentó *Oposición a Moción Urgente en Cumplimiento de Orden y Solicitud de Relevo de Representación Legal*[42]*,* donde le notificó al tribunal no haber recibido ninguna contestación al interrogatorio y recalcó que tampoco se había informado dicho trámite al tribunal. Además, expuso todas las veces infructuosas que se trató de que la representación legal de la peticionaria proveyera el descubrimiento de prueba e indicó sobre la falta de pago para satisfacer las sanciones impuestas.

Así las cosas, el 3 de julio de 2024, el tribunal le anotó la rebeldía a la señora Ortiz Torres.[43]

---

[38] *Id.*, Apéndice 61, pág. 208.
[39] *Id.*, Apéndice 62, pág. 209.
[40] *Id.*, Apéndice 63, pág. 210.
[41] *Id.*, Apéndice 64, págs. 211-212.
[42] *Id.*, Apéndice 65, págs. 213-215.
[43] *Id.*, Apéndice 67, pág. 217.

Ante ello, el 7 de julio de 2024, la representación legal de la peticionaria presentó *Solicitud de Reconsideración y de Relevo de Representación Legal*[44], donde solicitó excusas al tribunal y alegó que la falta de cumplimiento no era atribuible a la señora Ortiz Torres, sino a su abogado, debido a que no se había percatado que el correo electrónico, con fecha de 27 de junio de 2024, y mediante el cual se pensó haber cursado la contestación al interrogatorio, nunca se envió y se quedó como borrador. Dicha moción fue declarada "No Ha Lugar" por el TPI al día siguiente.[45]

Inconforme, la peticionaria acude ante nos mediante el recurso de epígrafe y señala que el TPI cometió el siguiente error:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, ABUSANDO DE SU DISCRECIÓN Y ACTUANDO AL MARGEN DEL DERECHO APLICABLE AL ANOTAR LA REBELDÍA A LA DEMANDADA-RECURRENTE, SIN GARANTIZAR EL DEBIDO PROCESO DE LEY Y CONTRARIO A LO DETERMINADO EN** *MITSUBISHI MOTOR SALES V. LUNOR*, **2023 TSPR 110.**

Por su parte, Cube y Rivera Vicente, en conjunto, presentaron *Memorando en oposición a la expedición del auto de certiorari*. Estando el recurso pendiente ante nuestra consideración, la señora Ortiz Torres presentó una *Urgente moción en auxilio de jurisdicción,* donde solicitó la paralización de los procesos ante el foro primario.

Luego de evaluados los escritos presentados por las partes, estamos en posición de resolver.

-II-

A.

El *certiorari* es un vehículo procesal extraordinario mediante el cual un tribunal de mayor jerarquía puede revisar discrecionalmente una decisión de un tribunal de menor jerarquía.[46] Al respecto, el expedir o no el auto de *certiorari* descansa en la sana discreción del foro apelativo.[47] Se ha definido discreción como "una forma de razonabilidad aplicada al discernimiento

---

[44] *Id.*, Apéndice 69, págs. 220-222.
[45] *Id.*, Apéndice 70, pág. 223.
[46] *Caribbean Orthopedics v. Medshape et al.,* 207 PDR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[47] *García v. Padró*, 165 DPR 324, 334 (2005).

judicial para llegar a una conclusión justiciera."[48] Es importante destacar que dicha discreción no es absoluta y no significa que en el ejercicio de discreción se pueda hacer abstracción del resto del derecho. Esto anterior constituiría un abuso de discreción.[49]

La Regla 52.1 de Procedimiento Civil[50] delimita las instancias en las cuales el Tribunal de Apelaciones ha de intervenir con las determinaciones del TPI. En lo pertinente dispone que:

> [...]
>
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, **anotaciones de rebeldía**, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis nuestro).
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Una vez establecida la facultad para revisar la determinación del foro primario, la Regla 40 del Reglamento del Tribunal de Apelaciones[51] establece los siguientes criterios a considerar al momento de hacer la determinación de expedir o no un auto de *certiorari*:

> (a)     Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (b)     Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (c)     Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

---

[48] Id.; *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990); *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964).

[49] *García v. Padró, supra*; *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

[50] Regla 52.1 de las Reglas de Procedimiento Civil de 2009 (32 LPRA Ap. V)

[51] Regla 40 del Reglamento del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

(d)     Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(e)     Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(f)     Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(g)     Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[52]

No obstante, esto no constituye una lista exhaustiva y ninguno de los criterios es determinante por sí solo.[53] Como norma general, el tribunal apelativo solo intervendrá con las determinaciones interlocutorias discrecionales procesales del TPI cuando este haya incurrido en arbitrariedad o en un craso abuso de discreción o en una interpretación o aplicación errónea de la ley.[54] Otros factores a considerar son la corrección de la decisión recurrida y la etapa del procedimiento en que es presentada, con el fin de cerciorarse de que no se ocasione "un fraccionamiento indebido o una dilación injustificada del litigio."[55]

Reiteramos que existen varias etapas distintas y sucesivas cuando se presenta un recurso de *certiorari*: la presentación de la petición, la expedición del auto y la resolución del recurso. Específicamente, la presentación de la petición ante un tribunal revisor y su expedición tienen diferentes efectos ante el tribunal recurrido. La *presentación* no tiene efecto paralizante en los procedimientos ante el tribunal recurrido, mientras que su *expedición* sí.[56] Así las cosas, "[a]l expedir el auto discrecional, el tribunal apelativo asume jurisdicción sobre el asunto en controversia y se coloca en posición de revisar los planteamientos en sus méritos."[57] La suspensión evita que la controversia se torne académica o ilusoria, mientras se está dilucidando la misma ante el tribunal revisor.[58] Sin embargo, debe de tenerse presente que la paralización

---

[52] *Id.*

[53] *García v. Padró, supra,* pág. 336. (Citando a H. Sánchez Martínez, *Derecho Procesal Apelativo*, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560).

[54] *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009).

[55] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

[56] H. Sánchez Martínez, op. cit. pág. 546.

[57] H. Sánchez Martínez, op. cit., pág. 547. (Citando a *Negrón v. Srio. de Justicia*, 154 DPR 79, 92 (2001)).

[58] *Kane v. República de Cuba,* 90 DPR 428, 441 (1964).

ocurre solamente respecto a la resolución impugnada en el recurso presentado. Por lo tanto, el procedimiento puede continuar sobre cualquier cuestión no comprendida en el mismo.[59]

**B.**

La anotación de rebeldía como sanción por incumplimiento de una orden del tribunal, "siempre se debe de dar dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción."[60] Así las cosas, es norma firmemente establecida que el mecanismo de la rebeldía tiene como propósito desalentar el uso de la dilación como estrategia de litigación.[61] La anotación de rebeldía se rige por lo dispuesto en la Regla 45.1 de Procedimiento Civil[62]. Dicha regla establece lo siguiente:

> Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o la Secretaria anotará su rebeldía.

> El Tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).

> Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).

> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

Según surge de lo expuesto anteriormente, una parte puede ser declarada en rebeldía bajo cuatro fundamentos: (1) por no comparecer al proceso después de haber sido debidamente emplazada, (2) por no contestar o alegar en el término concedido por ley, habiendo comparecido mediante alguna moción previa de donde no surja intención clara de defenderse, (3) cuando la parte se niega a descubrir prueba después de habérsele requerido mediante los métodos de descubrimiento de prueba y (4) cuando una parte ha incumplido alguna orden del tribunal.[63]

---

[59] *Id.*, pág. 440; H. Sánchez Martínez, op. cit., pág. 549.
[60] *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 590 (2011).
[61] *Id.*, *supra*, pág. 587.
[62] Regla 45.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V).
[63] *Rivera Figueroa v. Joe's European Shop, supra,* pág. 589.

Nótese que el objetivo de la anotación en rebeldía no es conferirle una ventaja al demandante para obtener una sentencia a su favor, sino que persigue estimular una tramitación ágil y efectiva de los pleitos.[64] Así la cosas, esta Regla debe de interpretarse de forma liberal. Entiéndase, el tribunal debe resolver cualquier duda a favor de la parte que se opone a la anotación. Esto anterior, en atención a la política judicial de que los casos se vean en sus méritos.[65] Sin embargo, "[c]uando la anotación de rebeldía es producto de dejadez, temeridad o de un plan consciente para menoscabar la eficiente administración de la justicia, la norma de liberalidad, por imperativo, tiene que ceder."[66]

Así las cosas, según lo dispuesto en la Regla 45.3 de Procedimiento Civil, el tribunal tiene la facultad de dejar sin efecto una anotación en rebeldía cuando medie causa justificada.[67] El Tribunal Supremo de Puerto Rico, en adelante TSPR, ha reconocido que la parte que alega causa justificada puede: (1) presentar evidencia de circunstancias que, a juicio del tribunal, demuestren justa causa para la dilación, o (2) probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo.[68] Como regla general, una buena defensa siempre debe de inclinar la balanza a favor de una vista en sus méritos, al menos que las circunstancias del caso revelen un ánimo contumaz o temerario.

Uno de los efectos de la anotación de rebeldía es la eliminación de las alegaciones. Ante esta realidad, la Regla 39.2(a) de Procedimiento Civil[69] establece tres pasos anteriores que debe de seguir el tribunal antes de hacer dicha determinación. Sobre este particular, dispone lo siguiente:

> (a) Si el demandante deja de cumplir con estas reglas o cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado podrá decretar [...] la eliminación de las alegaciones [...].

---

[64] *JRT v. Missy Mfg. Corp.*, 99 DPR 805, 811 (1971).
[65] *Neptune Packing Corp. v. Wackenhut Corp.*, 120 DPR 283, 293 (1988).
[66] J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Segunda Edición, Tomo II, pág. 1351.
[67] Regla 45.3 de las Reglas de Procedimiento Civil de 2009 (32 LPRA Ap. V).
[68] *Rivera Figueroa v. Joe's European Shop, supra,* pág. 591.
[69] Regla 39.2(a) de las Reglas de Procedimiento Civil de 2009 (32 LPRA Ap. V).

Cuando se trate de un primer incumplimiento, la severa sanción de [...] la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad de responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o la abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que ésta no sea corregida, el tribunal podrá ordenar [...] la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.

### -III-

La peticionaria acude ante nos mediante una petición de *certiorari* solicitando que revisemos una anotación de rebeldía impuesta por el TPI. Alegó que el TPI no había cumplido con el debido proceso de ley y lo dispuesto en el caso de *Mitsubishi Motor v. Lunor y otros*[70]. Por su parte, los recurridos alegan que el TPI sí cumplió con el debido proceso de ley y que, además, esta debió conocer el estado del caso por tener una posición privilegiada al ser secretaria de sus abogados. Además, incluyeron información sobre la continuación del litigio ante el TPI sobre el asunto ante nuestra consideración. Tomamos conocimiento de que el TPI levantó la rebeldía impuesta y posteriormente, emitió orden manteniéndola, por entender que no tenía jurisdicción para hacer tal determinación, por estar el asunto dilucidándose ante este tribunal.

Aprovechamos la oportunidad que se nos ha presentado para pormenorizar sobre la diferencia entre el efecto que tiene una petición de *certiorari* y el que tiene su expedición sobre el procedimiento ante el TPI. El *certiorari* es un recurso discrecional que existe para que un tribunal de mayor jerarquía revise una determinación de un tribunal de menor jerarquía. Cabe destacar que un tribunal revisor no adquiere jurisdicción sobre el asunto traído ante su consideración mediante un *certiorari,* hasta tanto el mismo no sea expedido. En otras palabras, es la expedición de este lo que tiene el efecto

---

[70] *Mitsubishi Motor v. Lunor y otros,* 212 DPR 807 (2023).

de paralizar los procedimientos ante el TPI relacionados al asunto en revisión. Quiérase entonces decir que, el 30 de julio de 2024, cuando el TPI levantó la anotación de rebeldía ante nuestra consideración, el *certiorari* no había sido expedido y, por lo tanto, este sí tenía jurisdicción para hacer dicha determinación.

Debido a que el TPI se retrotrajo y decidió mantener la anotación, expedimos el *certiorari* y procedemos a resolver.

Los incumplimientos reiterados a las órdenes del tribunal o a lo requerido mediante los métodos de descubrimiento de prueba, reflejan una conducta sancionada por nuestro ordenamiento jurídico. La anotación de rebeldía es una de las sanciones contempladas en las Reglas de Procedimiento Civil, *supra,* para castigar tal conducta. Sin embargo, cuando un tribunal tenga ante sí una situación que lo haga considerar la anotación de rebeldía contra una parte, este debe de regirse por lo dispuesto en la Regla 39.2 (a) de Procedimiento Civil, *supra*. Dicha Regla contempla tres pasos que el tribunal está obligado a seguir antes de anotar la rebeldía y eliminarle las alegaciones a una parte. Estos son: (1) apercibir a la representación legal de la parte y concederle oportunidad de responder, (2) imponer sanciones a la representación legal y notificar directamente a la parte sobre la situación y las consecuencias que puede tener el incumplimiento. Además de concederle un término *no menor* de 30 días para corregir la situación. Finalmente, luego de agotados los apercibimientos mencionados, y estos no arrojar resultado, ordenar la eliminación de las alegaciones.

No surge del expediente judicial del caso de epígrafe que el TPI le haya concedido un término no menor de 30 días a la peticionaria para corregir la situación. Ante este cuadro procesal se puede concluir que se violó el debido proceso de ley. Sobre este particular, los recurridos mencionan que esta estaba en una posición privilegiada al ser secretaria de sus abogados y debió conocer el estado de su caso. Este argumento supone que por esta ser secretaria de su representación legal, no tenía un derecho al debido proceso de ley. Demás está decir que no les asiste la razón.

Por otro lado, entendemos que la peticionaria ha cumplido con, no solo uno, pero los dos criterios de causa justificada para el levantamiento de la anotación de rebeldía. Entiéndase, presentó evidencia de las circunstancias para la dilación, como lo fueron las admisiones de parte de los abogados y posteriormente, los juramentos que esta prestó el 14 de marzo de 2024, que prueban la veracidad de lo aseverado. También alegó tener una buena defensa en sus méritos.

El TSPR ha dicho que "[s]omos Tribunal de Justicia y aunque la justicia se pinta ciega, como símbolo de su imparcialidad, los tribunales que la imparten deben tener los ojos bien abiertos para impedir que ella se frustre. Cuando de hacer justicia se trata, no puede haber moldes técnicos que aprisionen los remedios justos."[71] Tomando en cuenta dicho precepto, la causa justificada y las defensas y reconvención presentadas por la señora Ortiz Torres, provocaría una injusticia, de no levantarse la anotación de rebeldía en su contra. La anotación de rebeldía es una de esas sanciones drásticas que los tribunales no deben de tomar de manera ligera, por tener como consecuencia impedirle a la parte tener su día en corte. Las circunstancias particulares de este caso ameritan que el mismo se ventile en sus méritos y entendemos que no se debe de castigar a la peticionaria por actos no atribuibles a ella, en violación al debido proceso.

De nuestra revisión, concluimos que las actuaciones de la peticionaria no han sido contumaces o temerarias. Al contrario, entendemos que la señora Ortiz Torres no se ha cruzado de brazos ni ha abandonado el pleito en ningún momento. Así las cosas, no encontramos que esta sea merecedora de una anotación de rebeldía en su contra, toda vez que ha mostrado causa justificada, mediante evidencia traída ante la consideración del tribunal y tener una defensa merecedora de ser dilucidada en sus méritos.

---

[71] *Neptune Packinc Corp. v. Wackenhut Corp.*, *supra*, pág. 293.

**-IV-**

Por lo antes expuesto, se expide y se revoca el dictamen recurrido. Habiendo resuelto el recurso ante nuestra consideración, a la *Urgente moción en auxilio de jurisdicción,* nada que proveer.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

**Notifíquese inmediatamente.**

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones